**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**COOKEVILLE DIVISION**

| | | |
|---|---|---|
| **GREGORY RYAN WEBB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 2:23-cv-65** |
| **v.** | ) | |
| | ) | |
| **DEPUTY f/n/u POWERS, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are multiple motions filed by pro se[1] Gregory Ryan Webb: Motion (Doc. No. 61), Motion to Amend/Correct (Doc. No. 62), Motion and Supporting Memorandum (Doc. No. 63), "Motion and Supporting Memorandum re Improper Service/Appoint Counsel" (Doc. No. 66), "Motion and Supporting Memorandum re Summons" (Doc. No. 67), "Motion and Supporting Memorandum re Subpoena and Appoint Counsel" (Doc. No. 68), "Motion and Supporting Memorandum re Submittal of Business Entity and Cover Sheet" (Doc. No. 73), "Motion and Supporting Memorandum re Redacting/Sealing/Disposing of Documents" (Doc. No. 74), and Motion (Doc. No. 75).

### I. BACKGROUND

On October 23, 2023, Plaintiff filed this suit under 42 U.S.C. § 1983, alleging violations of his civil rights by Defendants Lewana Webb, attorney Kevin Bryant, Avery York, Jr., Assistant District Attorney Rachael Bateman, Circuit Court Judge William Ridley, the Cumberland County Sheriff's Department ("CCSD"), CCSD Deputy Levi Gilliam, CCSD Deputy Jason Powers, and the "13th District Court of Tennessee." (Doc. No. 1). Webb amended his complaint once as a

[1] Plaintiff paid the filing fee. (Doc. No. 1, Attach. 1).

matter of right and brought claims against the same Defendants with the exception of Ridley and the 13th District Court, who were subsequently terminated as Defendants. (Doc. No. 6).

With leave of Court (Doc. Nos. 11, 19), Webb filed a second amended complaint (Doc. No. 15) and a third amended complaint. (Doc. No. 18). Webb named the following parties as defendants: Thirteenth District DA Bryant Dunaway, Verizon Wireless of Crossville, CCSD Deputies Jason Powers and Levi Gilliam, Ivy Gardner Mayberry, Lewana Castillo Webb, the CCSD, Avery York, Jr., a CCSD "female deputy," and the Chief Deputy Clerk for the Cumberland County Probate Court. (Id.) Webb claimed violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights; criminal violations including kidnapping, obstruction of justice, fraud, violation of privacy, and conspiracy; and breach of contract by these Defendants. (Id.)

In its Order granting Webb leave to file the third amended complaint, the Court ordered Webb "to request summonses for each defendant by April 25, 2025" and "to effect service of process on each defendant by May 28, 2024." (Doc. No. 19). The Court "remind[ed] Webb that he is responsible for effecting service of process on each defendant named in his third amended complaint in accordance with Federal Rule of Civil Procedure 4" and that "[f]ailure to timely complete service of process may result in a recommendation that the Court dismiss this action." (Id.) The Court also directed Webb to its resources for pro se litigants. (Id.)

On April 22, 2024, Webb filed a motion enclosing summonses. (Doc. No. 20). On April 23, 2024, the Clerk of Court issued summonses for Mayberry, Castillo Webb, York, Gilliam, the CCSD, Cumberland County Family and Probate Court Deputy Clerk Sandra Lee, and CCSD Female Deputy Alverez. (Doc. No. 21). On May 17th, 2024, Webb filed what he described as executed summonses. (Doc. No. 30). However, the attached proofs of service state only the date on which Webb mailed the summonses by certified mail to the defendants' last-known addresses.

(Id.) Webb had not provided certified mail receipts showing that the summonses were delivered and who signed for the delivery. More than nine months later, no defendant had appeared in the action.

By Order entered on March 5, 2025, the Magistrate Judge ordered Plaintiff to show cause, no later than fourteen days after the date the Order was entered, as to why the Court should not dismiss this action for failure to serve Defendants in accordance with Federal Rule of Civil Procedure 4. (Doc. No. 60). The Court warned Webb that failure to respond to the Order to Show Cause or failure to adequately address why the Court should extend the service period would likely result in a recommendation that his case be dismissed without prejudice to refiling. (Id. at 6).

Prior to the expiration of the 14-day window, Plaintiff filed two motions. (Doc. Nos. 61 and 62). Over two months later and without leave of Court, Plaintiff filed a fourth amended complaint. (Doc. No. 65). He then filed seven additional motions (Doc. Nos. 63, 66, 67, 68, 73, 74, 75) and "Notices." (Doc. Nos. 69, 72).

## II. FILING FEE

First, the Court will address Plaintiff's request regarding the filing fee.

Plaintiff Motion to Amend (Doc. No. 62) is not a motion seeking to amend the complaint. Rather, the motion asks the Court to refund the filing fee paid by Plaintiff in this case so that Plaintiff instead may seek to proceed as a pauper. (Doc. No. 62). Plaintiff's request comes approximately two years and four months after he paid the filing fee.

"The Judicial Conference [of the United States] has a longstanding policy prohibiting the refund of fees, with narrow exceptions, e.g., when fees are collected without authority or as a result of administrative error on the part of the clerk's office." Rashada v. Gonzales, No. 1:07-CV-1055, 2007 WL 1795873, at *1 (N.D. Ohio June 20, 2007) (quoting Report of the Proceedings of the

Judicial Conference of the United States, Judicial Conference of the United States 11 (2005)). Webb does not allege that his filing fee was collected without authority or because of an administrative error. See Montoya v. Cap. One, N.A., No. 2:21-cv-11978, 2022 WL 957548, at *1 (E.D. Mich. Mar. 29, 2022) (denying plaintiff's request for a filing fee refund, noting that the fees "were not collected without authority or as a result of an administrative error on the part of the clerk's office."). Rather, Plaintiff simply has changed his mind and wishes to proceed as a pauper now. His change of mind is not grounds for a refund because he "'voluntarily chose to pay the full filing fee when he commenced this action,'" so he does not qualify for a refund. Morrow v. Tri County Jail, No. 3:23-cv-21, 2023 WL 5289382, at *2 (S.D. Ohio Aug. 17, 2023) (quoting Grindling v. Martone, No. 12-00361, 2012 WL 4502954, at *1 (D. Haw. Sept. 28, 2012)); Thorpe v. Snyder County Domestic Relations Section, 2005 WL 1155011, at *1 (M.D. Penn. Apr. 29, 2005) ("Unfortunately, no matter the stage of the litigation, filing fees are not refundable."). The motion (Doc. No. 62) will be denied.

## III. RESPONSE TO SHOW CAUSE ORDER

After the Court's Show Cause Order, Plaintiff filed a timely response entitled "Motion" to the Order in which he alleges (among other things) that he "attempted to mail defendants a serving of the 42 U.S.C. 1983 and motions by or via U.S.P.S. certified or tracking with signature in which the 42 U.S. 1983's (packet) were refused and/or unclaimed." (Doc. No. 61 at 4). Plaintiff again asks the Court "not [to] dismiss this action . . . ." (Id.) While Plaintiff submitted attachments in support of his motion, none of the attachments include any documentation of Defendants' alleged refusal of service or failure to claim Plaintiff's attempt at service.

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" Friedman v. Est. of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting Del Raine v. Carlson,

826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." King v. Taylor, 694 F.3d 650, 655 (6th Cir. 2012); see also Mann v. Castiel, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit.'"). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. See Friedman, 929 F.2d at 1156-57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. United States v. Oakland Physicians Med. Ctr., LLC, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); then citing Henderson v. United States, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); see also Byrd v. Stone, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." Hason v. Med. Bd. of Cal., 279 F.3d 1167, 1174 (9th Cir. 2002); see also

Friedman, 929 F.2d 1151, 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

The Sixth Circuit has directed district courts to consider seven factors in "deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:"

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
>
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
>
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

Oakland Physicians' Med. Ctr., LLC, 44 F.4th at 569.

The Court previously exercised its discretion to permit late service "[o]ut of an abundance of caution, and in recognition of his pro se status and statement that he is 'not giving up on this case.'" (Doc. No. 60 at 5). Plaintiff filed this lawsuit 851 days ago. (See Doc. No. 1). The Court has informed Plaintiff that he is responsible for serving process on Defendants in accordance the Federal Rules of Civil Procedure and warned him that failure to timely effect service would likely result in the dismissal of this action. The Court also has pointed Plaintiff to resources for pro se litigants, including information about effecting service of process.

A further discretionary extension of the service deadline is not appropriate considering the seven relevant factors that the Sixth Circuit articulated in Oakland. While there is no indication that Plaintiff or Defendants would be unduly prejudiced by an extension of the service deadline, the first, third, fifth, sixth, and seventh factors weigh against an extension. Plaintiff still has not filed any proof that the summonses he sent by certified mail were signed for by Defendants or by persons designated to accept service on Defendants' behalf. While Plaintiff alleges that his service attempts were thwarted by Defendants refusing to accept the mail or failing to claim it, Plaintiff has provided no proof of his assertion. A further extension would be well beyond the 90-day time period for service under Rule 4(m). There is no indication that Defendants have actual notice of this lawsuit, and there do not appear to be any unique equitable factors weighing in favor of an extension.

While Plaintiff's pro se status is one consideration in determining whether the sixth factor weighs in favor of an extension,[2] Plaintiff is no stranger to federal court litigation. Since 2022, Webb has filed over thirty cases in this court, all proceeding IFP, with the exception of this case. The cases all are related in some way to the same state court proceedings. The following list does not include three petitions for habeas corpus relief filed by Webb. The cases are: Webb v. Worley et al., 2:22-cv-00026 (dismissed; not eligible to proceed IFP); Webb v. Webb et al., 2:22-cv-00054 (dismissed without prejudice for failure to comply with court order); Webb v. Webb et al., 2:23-cv-00009 (dismissed for failure to state a claim); Webb v. Board of Judicial Conduct et al., 2:23-cv-00010 (dismissed without prejudice for lack of standing and for failure to state a claim); Webb

[2] Likewise, as to the fourth factor, any concerns as to whether Plaintiff's claims will be time-barred if the Court dismisses this action without prejudice are unsubstantial given the many prior cases filed by Plaintiff as to these same issues, many of which have been dismissed on res judicata grounds.

v. Webb, 2:23-cv-00012 (dismissed without prejudice for failure to state a claim); Webb v. Fickling et al., 2:23-cv-00013 (dismissed for failure to state a claim) Webb v. McKenzie, et al., 2:23-cv-00014 (voluntarily dismissed); Webb v. Dunaway et al., 2:23-cv-00017 (dismissed without prejudice as frivolous and duplicative); Webb v. Mayberry, 2:23-cv-00025 (dismissed without prejudice for failure to state a claim); Webb v. Tracking System, 2:23-cv-00029 (dismissed for failure to state a claim); Webb v. Webb et al., 2:23-cv-00032 (dismissed without prejudice for failure to prosecute and failure to pay the filing fee); Webb v. First Realty et al., 2:24-cv-00034 (dismissed for failing to comply with court order and for want of prosecution); Webb v. Republican Party of Cumberland County TN, 2:24-cv-00039 (dismissed with prejudice as barred by statute of limitations); Webb v. TBI Agent, 2:24-cv-00056, (dismissed with prejudice for failure to state a claim); Webb v. 13th District DA's Office, 2:24-cv-00068 (dismissed with prejudice for failure to state a claim); Webb v. Gardner Mayberry et al., 2:25-cv-00034 (dismissed on res judicata grounds); Webb v. Middle Tennessee Mental Health Institute, 3:24-cv-00706 (pending); Webb v. Webb, 3:24-cv-00819 (petition for writ of mandamus dismissed without prejudice for lack of subject matter jurisdiction); Webb v. Weist et al., 3:24-cv-00956 (pending); Webb v. Board of Judicial Conduct TN et al., 3:24-cv-01307, (transferred from N.D. Alabama; dismissed on res judicata grounds); Webb v. Hill et al., 3:25-cv-00019 (dismissed for failure to state claims); Webb v. DHS Dayton, TN et al., 3:25-cv-00021 (dismissed for failure to state a claim); Webb v. Verizon Wireless Crossville, TN, 3:25-cv-00022 (dismissed with prejudice for failure to state a claim and alternatively as untimely filed); Webb v. Sexton et al., 3:25-cv-00394 (transferred from S.D. Ill. and pending); Webb v. ADA Bateman, 2:24-cv-00070 (dismissed with prejudice for lack of subject matter jurisdiction based on sovereign immunity); Webb v. Ridley, 2:25-cv-00007, (dismissed with prejudice); Webb v. City of Crossville, TN et al., 2:25-cv-00018 (voluntarily dismissed);

Webb v. Fickling, 2:25-cv-00059 (voluntarily dismissed); Webb v. Webb, 2:25-cv-00061 (dismissed with prejudice for failure to state a claim and alternatively as untimely filed); Webb v. TN Unemployment et al., 3:25-cv-00020 (dismissed for failure to state claims); Webb v. Sandy Garrett, 3:24-cv-1150 (R&R adopted and case dismissed).

From his extensive litigation experience before this Court, Plaintiff understands the importance of complying with Court deadlines. The Court does not find it appropriate to further extend the deadline for service as Plaintiff is not "deserving of additional latitude to correct defects in service of process" under the circumstances presented here. Oakland, 44 F.4th at 569.

In short, Plaintiff has failed to show cause why the Court should not dismiss this action for failure to effect service of process on any Defendant.

## III. CONCLUSION

Accordingly, to the extent the "Motion" filed Plaintiff requests a further extension of the deadline to effect service of process, the "Motion" (Doc. No. 61) is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE** for failing to service process on any Defendant in accordance with the Federal Rules of Civil Procedure.

Plaintiff's Motion to Amend, which is a motion to refund the filing fee in this case, (Doc. No. 62) is **DENIED**.

Given the dismissal of this action, Plaintiff's Motion and Supporting Memorandum (Doc. No. 63), "Motion and Supporting Memorandum re Improper Service/Appoint Counsel" (Doc. No. 66), "Motion and Supporting Memorandum re Summons" (Doc. No. 67), "Motion and Supporting Memorandum re Subpoena and Appoint Counsel" (Doc. No. 68), "Motion and Supporting Memorandum re Submittal of Business Entity and Cover Sheet" (Doc. No. 73), "Motion and

Supporting Memorandum re Redacting/Sealing/Disposing of Documents" (Doc. No. 74), and Motion (Doc. No. 75) are **DENIED AS MOOT**.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE